Matter of Shaiyah H. (Shai-Janae H.)

2026 NY Slip Op 02565

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF SHAIYAH H. -------------------------------------------- MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT;

v

SHAI-JANAE H., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

302 CAF 25-00820

Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR RESPONDENT-APPELLANT.

BRENDON S. FLEMING, ACTING COUNTY ATTORNEY, ROCHESTER (MARY WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.

MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered April 18, 2025, in a proceeding pursuant to Family Court Act article 10. The order continued the custody of the subject child with petitioner.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that denied her Family Court Act § 1028 application seeking the return of her child to her care and custody following her temporary removal pursuant to a prior order. We affirm.

A parent's application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed shall be granted unless Family Court finds, upon a hearing, that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028 [a]; see Matter of Nyomi P. [Imeisha P.], 224 AD3d 906, 906 [2d Dept 2024], lv dismissed 41 NY3d 1008 [2024]; Matter of Mikayla T. [Jyranda R.], 199 AD3d 1009, 1010 [2d Dept 2021]). "A credibility assessment of a hearing court is accorded considerable deference on appeal" (Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259 [2d Dept 2018]), and the court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Junny B. [Homere B.], 200 AD3d 687, 688 [2d Dept 2021]; Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585 [2d Dept 2021]). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal," and "balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]; see Nyomi P., 224 AD3d at 907). The child protective services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Skkyy M.R. [Justin R.—Desanta C.], 206 AD3d 660, 661 [2d Dept 2022]; Matter of Chase P. [Maureen Q.], 199 AD3d 807, 809 [2d Dept 2021]).

Here, there is a sound and substantial basis in the record for the court's determination that the return of the child to the mother would present an imminent risk to the child, and that the risk could not be mitigated by reasonable efforts to avoid removal, in light of the testimony at the hearing as to the mother's untreated, severe mental health conditions. Petitioner established that the mother suffered from frequent "visions" that predominantly focused on murder and also—at times—included the child; that the mother lacked insight into her mental health conditions; that [*2]the mother failed to take medication for her mental health conditions or to seek mental health therapy; and that the mother followed her "visions" and intrusive thoughts, thereby engaging in unsafe behaviors that placed the child at imminent risk of harm (see Matter of Jurenny M.-J. [Kelley M.]., 235 AD3d 980, 982 [2d Dept 2025]; Gavin G., 165 AD3d at 1259; Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722 [2d Dept 2013]; see also Matter of Ayanna O. [Amanda M.], 233 AD3d 1418, 1420-1421 [3d Dept 2024]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court